```
                  UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                           )
                                 )     Chapter 11
GARY L. LENZ                     )
                                 )     Bankruptcy No. 05-02802
      Debtor.                    )
```

**ORDER RE: MOTIONS TO DISMISS AND
MOTION FOR RELIEF FROM AUTOMATIC STAY**

This matter came before the undersigned on October 25, 2005 pursuant to assignment. The U.S. Trustee was represented by Assistant U.S. Trustee Janet Reasoner. Creditor Janice Lenz was represented by attorneys Thomas McCuskey and Robert Day. Debtor Gary Lenz was represented by attorney John Maher. Creditor U.S. Bank was represented by attorney Wesley Huisinga. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Three matters were set for hearing: Motion to Dismiss filed by the U.S. Trustee, Motion to Dismiss filed by Janice Lenz and a Motion for Relief from Automatic Stay filed by Janice Lenz. The U.S. Trustee's motion seeks dismissal for Debtor's failure to pay quarterly fees, turn over financial information and file monthly reports.

Ms. Lenz seeks dismissal, asserting this is a bad faith filing, Debtor is wasting assets and schedules are inaccurate. She asserts Debtor's Chapter 11 petition was improperly filed to undermine determinations by the Iowa District Court in the parties' dissolution action. Ms. Lenz and Debtor were granted a decree of dissolution on April 15, 2005. This decree is now on appeal. Debtor did not file a supersedeas bond in the appeal. Debtor filed this Chapter 11 petition on June 14, 2005. Ms. Lenz also seeks relief from the automatic stay to enforce rights arising in the dissolution decree.

A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to either dismiss a case or convert a case from a Chapter 11 reorganization to a Chapter 7 liquidation. In re Lumber Exch. Bldg. Ltd. Partnership, 968 F.2d 647, 648 (8th Cir. 1992). Dismissal or conversion is appropriate if "cause" exists and it is in the "best interests of creditors and the estate." See In re Windsor on the River Assocs., Ltd., 7 F.3d 127, 133 (8th Cir. 1993). The list of types of "causes" in

§ 1112(b) is not exhaustive and a court may consider other factors and equitable considerations in order to reach an appropriate result in the individual case. In re Kerr, 908 F.2d 400, 404 (8th Cir. 1990). A Chapter 11 debtor's failure to comply with the U.S. Trustee's reporting requirements and to pay quarterly fees can be grounds for dismissal under § 1112(b). See In re Victoria Travel & Tours, Inc., 285 B.R. 392, 393 (Bankr. S.D. Ohio 2002); In re Mid-South Road Builders, Inc., 201 B.R. 956, 957 (Bankr. E.D. Ark. 1996).

Pursuant to the record made, the Court concludes this matter must be dismissed. The matter has been on file over four months. Debtor has been advised of his obligations as a debtor-in-possession on numerous occasions. He has not fulfilled the requirements of a Chapter 11 Debtor by failing to provide proof of insurance, establish a debtor-in-possession bank account, amend schedules, file complete monthly reports, and pay quarterly fees. These requirements are promulgated by the U.S. Trustee pursuant to 28 U.S.C. § 586(a). Failure to comply with these requirements is cause for dismissal under 11 U.S.C. § 1112(b). The Court has also considered the impact of this case on Ms. Lenz, Debtor's only major creditor other than U.S. Bank, and on the dissolution proceedings in state court. Representations made on the record and the filings in this case convince the Court that dismissal is in the best interests of the creditors and the estate.

**WHEREFORE**, the Motions of U.S. Trustee and Janice Lenz to dismiss this case are GRANTED based upon Debtor's failure to comply with his obligations as a Chapter 11 debtor-in-possession.

**FURTHER**, this case is DISMISSED.

**FURTHER**, the Motion for Relief from Stay is denied as moot.

DATED AND ENTERED: October 26, 2005

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2